UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STUART RAFER, *et al.*,

    Plaintiffs,

v.                         Case No.:  8:09-cv-109-T-33TGW

JOSEPH A. PURSLEY,

    Defendant.
_____/

**<u>ORDER</u>**

This matter is before the Court pursuant to Plaintiff's Motion for Reconsideration of Court's Order Denying Joint Motion for Telephonic Conference (the "Reconsideration Motion" Doc. # 31), which was filed on June 30, 2009. For the reasons that follow, this Court denies the Reconsideration Motion.

On June 18, 2009, the parties filed their Joint Motion for Telephonic Conference (Doc. # 29). On June 25, 2009, the Court denied the motion for a telephonic settlement conference, noting, "While the Court understands the importance of keeping litigation costs down, a meaningful settlement discussion would be the best way to minimize costs. This Court requires personal attendance at mediation conferences because this Court strongly believes that mediation conferences are most effective when attended personally, rather than telephonically." (Doc. # 30). The Court also discussed relevant cases requiring personal

attendance at settlement conferences.  See Pecoraro v. State Farm Fire and Cas. Co., Civil Action No. 1:07cv777-LTS-RHW, 2008 WL 3842912, *1 (S.D. Miss. Aug. 13, 2008) ("This Court has denied other requests based on hardship, including one in which the Plaintiff lived in Bartlesville, Oklahoma, had limited financial means to travel to Mississippi for the mediation, was disabled to the point of being legally blind, did not have a driver's license, and her means of travel were limited.").

The Plaintiff seeks reconsideration of the Court's Order, arguing that the parties are not technically "mediating" but rather, are participating in a "settlement conference." Plaintiff further contends that, because this Court discussed Local Rules and case law concerning mediation, the Court's Order does not apply to the parties' planned settlement conference.  This Court disagrees with Plaintiff's position.

On May 5, 2009, this Court issued a Case Management and Scheduling Order specifically tailored to this Fair Labor Standards Act case (Doc. # 22).  Paragraph three of the Case Management and Scheduling Order specifically and unambiguously states: "No later than thirty (30) days after Defendant(s) file(s) the Verified Summary, counsel for Plaintiff(s) and Defendant(s) **shall meet and confer in person in a good faith**

**effort to settle all pending issues, including attorney's fees and costs.**" (Doc. # 22 at 2, ¶ 3)(emphasis added).

This Court is not inclined to adjust the binding terms of its Case Management and Scheduling Order due to the slight inconvenience posed by intrastate travel. This Court's initial Order, which discussed the standards for in-person mediation conferences, applies with equal force to in-person settlement conferences.

Accordingly, the Court denies the Reconsideration Motion and requires the Court-ordered settlement conference to be conducted in person as specified in the Case Management and Scheduling Order.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion for Reconsideration of Court's Order Denying Joint Motion for Telephonic Conference (Doc. # 31) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of July 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record